**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50194 |
| Plaintiff-Appellee, | D.C. No.<br>3:15-cr-00596-BEN-5 |
| v. | |
| ADRIANA NAVARRETE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

"We review the district court's interpretation of the [U.S. Sentencing]

Guidelines de novo, the district court's application of the Guidelines to the facts of

the case for abuse of discretion, and the district court's factual findings for clear

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The record establishes that the district court considered the enumerated factors in the commentary to U.S.S.G. § 3B1.2 when assessing whether Navarrete should receive a sentence reduction for playing a minor role in the offense. *See* U.S.S.G. § 3B1.2, cmt. n.3(C) (2015). Defense counsel listed all five factors in the guidelines commentary, and the district court stated that it had "considered the application notes of 3B1.2." "We assume that district judges know the law and understand their obligation to consider all of the [sentencing] factors." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). "The district court need not tick off each of the [sentencing] factors to show that it has considered them." *Id.* The district court did not improperly rely solely upon Navarrete's "essential role" in the conspiracy, and did not abuse its discretion in denying a minor role sentence reduction.

2. There is no doubt that Navarrete knew the laundered funds were the proceeds of cocaine sales or were intended to promote the distribution of cocaine. The district court therefore properly applied a six-level enhancement under U.S.S.G. § 2S1.1(b)(1).

3.  Navarrete entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The district court was not bound by its terms, *compare* Fed. R. Crim. P. 11(c)(1)(B), *with* Fed. R. Crim. P. 11(c)(1)(C), and at her change-of-plea hearing, Navarrete confirmed that she understood the nature of her agreement.  When the district court rejected the plea agreement, it provided a robust explanation of the nature of the offense and Navarrete's role.  There was thus no error in the district court's rejection of Navarrete's plea agreement.

4.  All arguments raised for the first time in Navarrete's reply brief are waived.  *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

**AFFIRMED.**